UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MICHAEL ANTHONY LORUSSO, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 22-11824-DJC |
| GOVERNOR RON DESANTIS, | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER**

**CASPER, J.**                                                                 February 15, 2023

For the reasons set forth below, the Court dismisses this action pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

**I.    Background**

On October 24, 2022, Michael Anthony LoRusso, an inmate in custody at the Polk Correctional Institution in Polk City, Florida, filed a *pro se* pleading. D. 1. LoRusso contends that Florida's governor "illegally kidnapped migrants that originally entered this country from Texas not Florida." Id. at 1. Among other things, LoRusso argues that "under Federal law[, DeSantis] is guilty in Massachusettes (sic) Court." Id. at 2.

LoRusso did not pay the filing fee or file a motion for leave to proceed *in forma pauperis*. Generally, this Court affords litigants an opportunity to satisfy the filing fee[1] requirements, however, LoRusso need not be given additional time in this case because the Court concludes that

---

[1] LoRusso has been deemed a "three-strikes" litigant under 28 U.S.C. § 1915(g) and is barred from proceeding *in forma pauperis* unless facing imminent danger of serious physical injury. See LoRusso v. Weatherford, No. 8:21-CV-0309 (CEH) (JSS) (M.D. Fla. Apr. 22, 2021).

*sua sponte* dismissal for lack of subject matter jurisdiction is warranted here for the reasons explained below.

## II. Legal Standards

Because LoRusso is incarcerated, this action is subject to screening under 28 U.S.C. § 1915A, which requires the Court to determine "as soon as practicable" whether a prisoner's complaint that seeks redress from a government entity "is frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. §§ 1915A(a), (b)(1).[2] Additionally, the Court "has an obligation to inquire *sua sponte* into its own subject matter jurisdiction." McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004); see Fed. R. Civ. P. 12(h)(3). "'[T]he party invoking the jurisdiction of a federal court carries the burden of proving its existence.'" Calderón-Serra v. Wilmington Tr. Co., 715 F.3d 14, 17 (1st Cir. 2013) (citation omitted).

"Article III confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" TransUnion LLC v. Ramirez, 141 S. Ct. 2190, 2203 (2021). Such a case or controversy exists only when the plaintiff demonstrates "such a personal stake in the outcome of the controversy as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends." Gustavsen v. Alcon Laboratories, Inc., 903 F.3d 1, 6–7 (1st Cir. 2018) (citations and quotation omitted). "For there to be a case or controversy under Article III, the plaintiff must have a 'personal stake' in the case -- in other words, standing." Id. (citation and quotation omitted). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." Ramirez. 141 S. Ct. at 2203. "If the plaintiff does not claim to have suffered an injury . . . there

[2] Because this Court finds that it is without jurisdiction, this action will not be screened under 28 U.S.C. § 1915A.

is no case or controversy for the federal court to resolve." Id. (citation and quotation omitted). At the pleading stage, LoRusso "bears the burden of establishing sufficient factual matter to plausibly demonstrate his standing to bring the action," Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016). "Neither conclusory assertions nor unfounded speculation can supply the necessary heft." Id.

### III. Discussion

Even construing LoRusso's pleading generously because he is proceeding *pro se*, see Haines v. Kerner, 404 U.S. 519, 520 (1972); Rodi v. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004), LoRusso fails to establish that he has standing to bring suit. He has not alleged that he suffered an injury that is traceable to the alleged conduct. As a result, this action must be dismissed without prejudice for lack of subject matter jurisdiction. Moreover, given the nature of LoRusso's claims concerning actions taken by third parties affecting third parties and not otherwise suggesting a basis for his standing to assert his claims, the Court finds that amendment would be futile. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23, (1st Cir. 2014).

### IV. Conclusion

For the foregoing reasons, it is hereby ORDERED that this case is DISMISSED pursuant to Rule 12(h)(3) for lack of subject matter jurisdiction.

**SO ORDERED.**

/s Denise J. Casper
Denise J. Casper
United States District Judge